**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.  CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>FIRST</u> JUDICIAL CIRCUIT,
IN AND FOR <u>ESCAMBIA</u> COUNTY, FLORIDA

Case No.: _____
Judge: _____

<u>DEREK L STREETER</u>
Plaintiff
vs.
<u>CITY OF PENSACOLA FLORIDA</u>
Defendant

**II.  TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
    - ☐ Business governance
    - ☐ Business torts
    - ☐ Environmental/Toxic tort
    - ☐ Third party indemnification
    - ☐ Construction defect
    - ☐ Mass tort
    - ☐ Negligent security
    - ☐ Nursing home negligence
    - ☐ Premises liability – commercial
    - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
    - ☐ Commercial foreclosure $0 - $50,000
    - ☐ Commercial foreclosure $50,001 - $249,999
    - ☐ Commercial foreclosure $250,000 or more
    - ☐ Homestead residential foreclosure $0 – 50,000
    - ☐ Homestead residential foreclosure $50,001 - $249,999
    - ☐ Homestead residential foreclosure $250,000 or more
    - ☐ Non-homestead residential foreclosure $0 - $50,000
    - ☐ Non-homestead residential foreclosure $50,001 - $249,999
- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
    - ☐ Malpractice – business
    - ☐ Malpractice – medical
    - ☐ Malpractice – other professional
- ☒ Other
    - ☐ Antitrust/Trade Regulation
    - ☐ Business Transaction
    - ☐ Circuit Civil - Not Applicable
    - ☐ Constitutional challenge-statute or ordinance
    - ☐ Constitutional challenge-proposed amendment
    - ☐ Corporate Trusts
    - ☒ Discrimination-employment or other
    - ☐ Insurance claims
    - ☐ Intellectual property
    - ☐ Libel/Slander
    - ☐ Shareholder derivative action
    - ☐ Securities litigation
    - ☐ Trade secrets
    - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.   Yes ☐   No ☒

**III.  REMEDIES SOUGHT** (check all that apply):
- ☒ Monetary;
- ☒ Non-monetary declaratory or injunctive relief;
- ☒ Punitive

**IV.  NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

1

**V.  IS THIS CASE A CLASS ACTION LAWSUIT?**
- ☐ Yes
- ☒ No

**VI.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
- ☒ No
- ☐ Yes – If "yes" list all related cases by name, case number and court:

**VII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
- ☒ Yes
- ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Marie A Mattox     FL Bar No.: 739685
  Attorney or party                                              (Bar number, if attorney)

Marie A Mattox     10/25/2017
  (Type or print name)                                           Date

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN
AND FOR ESCAMBIA COUNTY,
FLORIDA

**DEREK L. STREETER,**

  **Plaintiff,**

v.

**CITY OF PENSACOLA, FLORIDA,**

  **Defendant.**

_____/

CASE NO.:
FLA BAR NO.: 0739685

## COMPLAINT

Plaintiff, DEREK L. STREETER, hereby sues Defendant, CITY OF PENSACOLA, FLORIDA, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, DEREK L. STREETER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his race, black, and the fact that he reported discrimination adversely affecting him and was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, CITY OF PENSACOLA, FLORIDA, has been organized and existing under the laws of the State of Florida. At all times pertinent to

this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American male, began his employment with Defendant in January 1996 and currently holds the position of Captain.

7. Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment and was held to a different standard because of his race. He has also been subjected to retaliation after reporting discrimination.

8. In late 2003, Plaintiff filed a lawsuit against the Defendant along with others for racial discrimination in the promotion process. Plaintiff settled with the Defendant.

9. In May 2008 Plaintiff was promoted to Captain. In January 2013, Defendant commenced a promotional process for the Battalion Chief position. Plaintiff was not eligible to apply for this position as he did not have a college degree at that time.

10. The person who was placed in that position was demoted. Instead of initiating another promotional process, James Hobbs, a white male, was placed into the position in an acting capacity. Ultimately, Hobbs was selected for the position.

11. In 2014, Hobbs was again promoted without a job announcement. The promotion process procedures were not followed as no official notification was given.

12. As stated above, Plaintiff filed a lawsuit against the Defendant for failure to promote prior to Hobbs's promotion which was settled. Defendant failed to announce the position Hobbs filled because it was certain that Plaintiff would apply for it and most likely would be the most qualified to fill the position. Defendant did not want to select Plaintiff for the position because of his prior lawsuit and/or his race. Defendant circumvented the process to keep Plaintiff from applying for the position.

13. Plaintiff filed an EEOC complaint in November 2015, again alleging that Defendant failed to promote him because of his race and in retaliation for his prior lawsuit. In retaliation for filing that charge, Plaintiff continues to be denied promotions and was intentionally left out of the promotion process.

14. Plaintiff served in the acting Battalion Chief position from March 2016 until July 28, 2016. At that time, he was told his contract was being broken to give others an opportunity to apply for the position. Hobbs, however, served in an "acting" capacity and was placed into the position permanently without giving others the opportunity to apply.

15. Plaintiff applied for the Battalion Chief position and was not selected. A white candidate with less experience and less qualified than Plaintiff was selected.

16. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the laws identified above.

## COUNT I
## RACE DISCRIMINATION

17. Paragraphs 1-16 are re-alleged and incorporated herein by reference.

18. This is an action against Defendant for discrimination based upon race brought

3

under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

19. Plaintiff has been the victim of discrimination on the basis of his race in that he was treated differently than similarly situated white employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his race.

20. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

21. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same.

22. Defendant's known allowance and ratification of these actions and inactions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

23. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of a race based nature and in violation of the laws set forth herein.

24. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant and constitutes adverse employment action.

25. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon race in violation of Chapter 760, Florida Statutes, and 42 U.S.C. §2000e et seq..

26. As a direct and proximate result of Defendant's conduct described above, Plaintiff

has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief.

## COUNT II
## RETALIATION

27. Paragraphs 1-16 are hereby re-alleged and reincorporated as if set forth in full herein.

28. Defendant is an employer as that term is used under the applicable statutes referenced above.

29. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981 and Chapter 760, Florida Statutes.

30. The foregoing unlawful actions by Defendant were purposeful.

31. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

32. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

33. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits,

5

embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

DATED this 25th day of October 2017.

            Respectfully submitted,

            /s/ Marie A. Mattox
            Marie A. Mattox [FBN 0739685]
            MARIE A. MATTOX, P.A.
            310 East Bradford Road
            Tallahassee, FL 32303
            (850) 383-4800 (telephone)
            (850) 383-4801 (facsimile)
            Marie@mattoxlaw.com
            Michelle2@mattoxlaw.com
            marlene@mattoxlaw.com

            ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

DEREK L STREETER

    PLAINTIFF,

Vs.

    CASE NO: 2017 CA 001654
    DIVISION: C

CITY OF PENSACOLA FLORIDA

    DEFENDANT,

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and a copy of the complaint in the above styled cause upon the defendant **CITY OF PENSACOLA FLORIDA  C/O ASHTON J HAYWARD MAYOR 222 W MAIN ST PENSACOLA, FL 32502**

Each defendant is hereby required to serve written defenses to said complaint on

    plaintiff's attorney(s), whose address is

        **MARIE A MATTOX**
        **MARIE A MATTOX PA**
        **310 E BRADFORD RD**
        **TALLAHASSEE, FL 32303**

within **20 days** after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on said attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

Witness, my hand and the seal of this Court on this **27th day of October, 2017**

PAM CHILDERS
CLERK OF THE CIRCUIT COURT

By: _____
Deputy Clerk

* Except when suit is brought pursuant to Section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to Section 768.28, Florida Statutes, the time to be inserted is 30 days.

## RETURN OF SERVICE

**State of Florida**  County of Escambia  Circuit Court

Case Number: 2017-CA-001654

Plaintiff:
**DEREK L STREETER**

vs.

Defendant:
**CITY OF PENSACOLA FLORIDA**

For:
Marie Mattox
Marie Mattox, P.A.
310 E. Bradford Rd.
Tallahassee, FL 32303

Received by DAVID QUICK on the 30th day of October, 2017 at 12:00 pm to be served on **CITY OF PENSACOLA FLORIDA C/O ASHTON J HAYWARD, MAYOR, 222 W MAIN ST, PENSACOLA, FL 32502**.

I, DAVID QUICK, do hereby affirm that on the **31st day of October, 2017 at 11:10 am**, I:

CORPORATE SERVED a true and exact copy of the SUMMONS AND COMPLAINT, endorsed thereon by me with the date and time of service, on JANET MATTESON as LEGAL ASSISTANT, an employee of the stated corporation pursuant to FS 48.081 (3a) as the registered agent/corporate officer was not in compliance with FS 48.091 as registered agent/corporate officer was unavailable during the hours required by statute.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the judicial circuit in which the process was served. Under penalty of perjury I have read the foregoing and the statements contained therein are true and correct.

DAVID QUICK
Cps #466

ALLIED PROCESS SERVICES INC
194 Monte Terrace Drive
Monticello, FL 32344
(850) 997-2384

Our Job Serial Number: FND-2017000706
Ref: Streeter v City of Pensacola Florida

Copyright © 1992-2013 Database Services, Inc. - Process Server's Toolbox V7.0r

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT, IN AND
FOR ESCAMBIA COUNTY, FLORIDA

**DEREK L. STREETER,**

    **Plaintiff,**

v.

**CITY OF PENSACOLA, FLORIDA,**

    **Defendant.**

_____/

CASE NO.: 17-CA-1654
FLA BAR NO.: 0739685

## AMENDED COMPLAINT

Plaintiff, DEREK L. STREETER, hereby sues Defendant, CITY OF PENSACOLA, FLORIDA, and alleges:

### NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes, 42 U.S.C. §2000e et seq. and 42 U.S.C. §1981a.

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### THE PARTIES

3. At all times pertinent hereto, Plaintiff, DEREK L. STREETER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because filed a prior lawsuit and charge of discrimination against Defendant and became the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, CITY OF PENSACOLA, FLORIDA, has been organized and existing under the laws of the State of Florida. At all times pertinent to

this action, Defendant has been an "employer" as that term is used under the applicable laws identified above.

## CONDITIONS PRECEDENT

5. Plaintiff has satisfied all conditions precedent to bringing this action in that Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations and the EEOC. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

6. Plaintiff, an African American male, began his employment with Defendant in January 1996 and currently holds the position of Captain.

7. Plaintiff has been and continues to be subjected to disparate treatment, different terms and conditions of employment and was held to a different standard because he filed and settled a prior lawsuit against Defendant and has been subjected to retaliation thereafter.

8. In late 2003, Plaintiff filed a lawsuit against the Defendant along with others for racial discrimination in the promotion process. Plaintiff settled with the Defendant.

9. In May 2008 Plaintiff was promoted to Captain. In January 2013, Defendant commenced a promotional process for the Battalion Chief position. Plaintiff was not eligible to apply for this position as he did not possess a college degree at that time.

10. The person who was placed in that position was demoted. Instead of initiating another promotional process, James Hobbs, a white male, was placed into the position in an acting capacity. Ultimately, Hobbs was selected for the position.

11. In 2014, Hobbs was again promoted without a job announcement. The promotion process procedures were not followed as no official notification was given.

12. As stated above, Plaintiff filed a lawsuit against the Defendant for failure to promote prior to Hobbs's promotion which was settled. Defendant failed to announce the position Hobbs filled because it was certain that Plaintiff would apply for it and most likely would be the most qualified to fill the position. Defendant did not want to select Plaintiff for the position because of his prior lawsuit. Defendant circumvented the process to keep Plaintiff from applying for the position.

13. In November 2015, Plaintiff filed an EEOC complaint and once again alleged that Defendant failed to promote him because of his race and in retaliation for his prior lawsuit. In retaliation for filing that charge, Plaintiff continues to be denied promotions and was intentionally left out of the promotion process.

14. Plaintiff served in the acting Battalion Chief position from March 2016 until July 28, 2016. At that time, he was told his contract was being broken to give others an opportunity to apply for the position. Hobbs, however, served in an "acting" capacity and was placed into the position permanently without giving others the opportunity to apply.

15. Plaintiff applied for the Battalion Chief position and was not selected. On or about August 31, 2016, three candidates were promoted, without any consideration for promotion afforded to Plaintiff, including a white female, a black female and a black male. Each candidate had less experience in Captain and Acting Battalion Chief positions combined.

16. By way of example, Plaintiff had approximately 1,250 hours of Acting Battalion Chief experience and all three candidates had approximately 600 hours of combined experience in the acting role. In addition, each had only served as Captain for approximately two and one-half years and Plaintiff had experience as a Captain for eight years.

17. Defendant has a pattern and practice of retaliating against employees who file EEOC claims, including but not limited to Joe Glover, who was placed on administrative leave for filing an EEOC complaint. Consistent with this pattern, Defendant has failed to promote Plaintiff and has undertaken unlawful and retaliatory acts against Plaintiff because he filed and settled a prior lawsuit against Defendant and because of his EEOC charges.

18. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the laws identified above.

## COUNT I
## RETALIATION

19. Paragraphs 1-18 are hereby re-alleged and reincorporated as if set forth in full herein.

20. Defendant is an employer as that term is used under the applicable statutes referenced above.

21. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting him under 42 U.S.C § 2000e *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981 and Chapter 760, Florida Statutes.

22. The foregoing unlawful actions by Defendant were purposeful.

23. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

24. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal

4

connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

25. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

Dated this 15th day of November, 2017.

                                        Respectfully submitted:

                                        /s/ Marie A. Mattox
                                        Marie A. Mattox [FBN 0739685]
                                        MARIE A. MATTOX, P. A.
                                        310 East Bradford Road
                                        Tallahassee, FL 32303
                                        Telephone: (850) 383-4800
                                        Facsimile: (850) 383-4801
                                        ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE
FIRST JUDICIAL CIRCUIT IN AND
FOR ESCAMBIA COUNTY, FLORIDA

**DEREK L. STREETER,**

    **Plaintiff,**

v.

**CASE NO: 2017-CA-001654**

**CITY OF PENSACOLA, FLORIDA,**

    **Defendant.**

_____/

## NOTICE OF APPEARANCE

COME NOW, attorneys Robert E. Larkin and J. Wes Gay, and hereby notice their appearance as counsel for CITY OF PENSACOLA, FLORIDA, Defendant, in the above-styled matter. Please copy undersigned counsel on all future correspondence and pleadings.

Respectfully submitted this 20th day of November, 2017.

    /s/ *J. Wes Gay*
    **Robert E. Larkin, III**
    Florida Bar No. 0160814
    rlarkin@anblaw.com
    **J. Wes Gay**
    Florida Bar No. 0140743
    wgay@anblaw.com
    ALLEN, NORTON & BLUE, P.A.
    906 N. Monroe Street
    Tallahassee, FL 32303
    (850) 561-3503

    Counsels for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of November, 2017, a true and correct copy of the foregoing was electronically filed using the Florida Courts E-Filing Portal, which will send a notice of electronic filing to Marie A. Mattox, Esquire, 310 East Bradford Road, Tallahassee, Florida 32303 (marie@mattoxlaw.com).

/s/ *J. Wes Gay*
Attorney